Dear Julie Brandt, MSW, LCSW-C
You have requested our opinion concerning the authority to grant consent for organ or tissue donation. You refer to § 19-310(d)(2) of the Health-General ("HG") Article, under which a parent has priority over a guardian for purposes of deciding whether to consent to the donation of a decedent's organs or tissues. Your question is as follows: Does this priority ranking remain in effect if the "parent" is one whose parental rights have been terminated as a consequence of the guardianship proceeding?
With your inquiry, you provided a letter of advice from Marianne DePaulo Plant, Esquire, in which she commented that "it is highly unlikely that the Maryland General Assembly intended a natural parent whose parental rights have been terminated to qualify as a `parent' under that section, and be given ... priority as a representative for organ donation." Consequently, Ms. Plant advised as follows: "When a minor decedent's natural parents have had their parental rights terminated, and you have obtained an order to that effect, the most advisable course would be to comply with the instructions of the guardian." For the reasons stated below, we concur with this conclusion.
 I Discussion
HG § 19-310(d)(1) deals with requests that a decedent's "representative consent to the donation of all or any of the decedent's organs ...."[1] A "representative" is whoever has priority in the listing in HG § 19-310(d)(2). A "parent" who is "alive, competent, [and] immediately available" has third priority.[2] A guardian has fifth priority.[3]
In our view, the term "parent" should be construed to mean an individual whose parental relationship to a child existed at the time of the child's death. If a child is placed under guardianship, the decree of guardianship "terminates the natural parents' rights, duties, and obligations towards the child." § 5-317(f)(1) of the Family Law ("FL") Article. Likewise, if a child is adopted, the effect of the decree of adoption is that the biological parents are "divested of all parental rights as to the individual adopted." FL § 5-308(b)(2)(ii). Such a decree makes the biological parent "a legal stranger to his offspring." Walker v. Gardner, 221 Md. 280, 284, 157 A.2d 273
(1960).
The terminated "rights" are those that arise from all sources, including the Constitution, statute, and common law. In our view, one of the rights thus terminated is the priority given to a "parent" under HG § 19-310(d)(2). After the court's decree, the individuals who were once the child's "parents" no longer are.
Alternatively, even if it were incorrectly assumed that a biological parent whose parental rights had been terminated is still a "parent" for purposes of HG § 19-310(d)(2), the individual would not be "competent." The term "competent," although primarily referring to the basic ability to do something, has as its secondary meaning "qualification." Black's Law Dictionary 302 (8th ed. 2004).[4] Incompetency is "lack of legal ability in some respect." Id. at 780. The decree resulting in termination of parental rights renders the biological parent unqualified and without legal ability to give or withhold consent for the organ donation.
 II Conclusion
In summary, we conclude that an individual whose parental rights have been terminated does not have priority status under HG § 19-310(d)(2). If no other individual with higher priority is competent and immediately available, then the guardian for the deceased child may consent to the organ donation.
J. Joseph Curran, Jr. Attorney General
Jack Schwartz Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] The request would ordinarily be made by "a representative of the appropriate organ ... recovery agency ...." The Transplant Resource Center is the federally certified organ recovery agency for all but three counties in Maryland.
[2] A spouse or adult child has higher priority.
[3] This priority ranking for the guardian differs from the priority for health care surrogates in HG § 5-605(a)(2), in which a guardian has top priority.
[4] For example, "At common law, in order to avoid self-interested perjury, no party to a lawsuit was competent to testify in that suit." Reddy v. Mody, 39 Md. App. 675, 678, 388 A.2d 555, cert. denied, 283 Md. 737
(1978). Obviously, this disqualification (long since supplanted by statute) had nothing to do with "competence" in the sense of cognitive capacity. *Page 6